## VIII.

### B. S. GRAYSON V. J. CUMMINS.

*New trial awarded.*

HUTCHINSON, JUSTICE.—The counsel of the appellant submits this cause on a motion to remand it for new trial and a more definite decision. The transcript sent is certified as containing a full copy of the record in the court below; and there being no affidavit of diminution, we can not award a certiorari for a more perfect transcript. Indeed, on inspection, we are persuaded the transcript before us contains all that can be found pertaining to the cause in the court below.

The transcript itself is so very imperfect and the entries made of what may have been the proceedings and judgment so squalid and deficient in respect of substance, that we are unwilling to permit the record, as it now is below, to remain a perpetual memorial of the adjustment of the rights involved, and feel it due to the safe administration of justice to remand the case for another trial, with instructions to the district court so to direct and control its clerk that the future progress in it may be put on the record in some shape to indicate what shall have been done.

In regard to the transcript before us, it does not show when the petition was filed; whether the copy of Cummins' title papers was exhibited with the petition; when the plea was filed; whether what appears to be the sheriff's return was the return on the citation; and the allowance of the appeal, if entered on the minutes, and appeal bond, if any was given, are not copied into the transcript. A transcript can not be perfect without introducing after the caption, in the order of their occurrence, the petition and documents exhibited, if any; the process and return; the plea, answer, and other pleadings; the intermediate orders of the court in the case; and lastly the postea and judgment, with the grant of appeal and the appeal bond. Each of these should be preceded by an introductory statement connecting it with the cause, or showing the time when made or filed. This duty is devolved on the clerk as the sworn amanuensis of the court, the keeper of its archives, and the officer who can alone make accurately a history of the case. Until after final judgment the record is constituted by the pleadings, process, returns on the process and orders of the court, as connected by the clerk's numbers, docket and memoranda. After judgment, he is to transfer the whole into a complete record book; and that he can only properly do by the introduction of each part in chronological order with the conjunctive matter of his own, derived from his memoranda on the papers and dockets. The names of the parties, being

authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee

introduced by the pleadings, need not be repeated by way of caption. In
England the record was begun on a parchment roll and enlarged on that
roll as the proceedings occurred. When the case was ended, the last step
was put on the roll and it was filed, to remain as the veritable record. In
this Republic the complete record is to supply the absence of the parch-
ment roll; so that here the complete record, and a transcript whenever
required, should be ever the same, the latter being an exact exemplifica-
tion of the former, as a copy of the roll in England is a transcript of the
record. We do not design by these remarks to intimate that the imper-
fections of the transcript above noticed are such as to require a reversal
of the judgment; but we notice them with regret and in the hope they
will be hereafter avoided in every part of the Republic. The transcript
from other counties are in most instances liable to similar and some to a
severer criticism.

The vice in the case in review does not so much appear in the manner
of the copy transmitted here, but is found in the postea and judgment.
Those are presented in these remarkable words: "Again come to be
heard,—parties appeared again and answered ready for trial; Motion by
Defendant's Attorney, to exclude testimony upon reasons, but first, &c.,
whereupon the case was submitted to the Jury, S. & E., for the purpose
retired and returned the following verdict, we the Jury find for the De-
fendant, L. M. B. Ryne, foreman; whereupon the Court ordered ad-
judged and decreed, plaintiff, pay costs." Was a jury elected, tried and
sworn to try the issue joined? Was it a jury of twelve, or of any less
number? Who were they? To whom was the league of land in contro-
versy adjudged? Was there even a judgment against the plaintiff for
costs? To these questions the postea and judgment give no certain
answer. In a country whose Constitution has adopted the institution of
jury trial and required it to be preserved inviolate, whatever theories may
be indulged for or against its utility, the appellate court is bound to see
the object of the constituent law as well as the whole concurrent legisla-
tion on the subject duly observed. If we examine the revised records of
England and of the North American United States, it is apprehended
that such a passing notice of the jury trying a case, however trivial, was
never considered sufficient. It should have appeared that a jury, naming
twelve persons, were elected, tried and sworn well and truly to try the
issue, who, on their oath, found the verdict. At the farthest relaxation it
ought to appear that a jury of lawful men were sworn to try the cause,
and on their oath gave the verdict. In several respects it may be import-

in good faith, intended to move his family to Texas. Republic v. Young,
Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Un-
der Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), it
was necessary to prove in court, the same facts which the statute required
for the satisfaction of the Board of Land Commissioners. Republic v. Skid-
more, Dal., 581; Johns v. Republic, Dal., 621; Land Commissioners v. Raguet,
2 T., 98. Claimants were required, prior to Act of February 2, 1848 (Gam-
mel's Laws of Texas, vol. 3, p. 18), to prove same facts under section 11 of
Act of February 4, 1841 (Gammel's Laws of Texas, vol. 2, p. 635). Tichner
v. State, 2 T., 269; State v. Mason, 2 T., 315; Linn v. State, 2 T., 317. Titles
issued by alcaldes and commissioners after closing of Land Office by Act of

ant to the parties or some of them to have the names of the jurors on the record, and it is conformable to the precedents and to the safest practice to insert them. It has been often ruled that a less number than twelve is no jury, so that any local or occasional usage of consenting to a less number is reprehensible as a course calculated to bring into disuse and disrepute a mode of trial of controverted facts, identified with the greater cause of civil liberty.

It is obvious in this case that the district court tried it and gave judgment; and it is equally clear the clerk failed to make even a tolerable entry of the judgment. When we are satisfied that a lawful jury came, were sworn and on their oath rendered verdict, we are to entertain all reasonable presumptions in support of it; that is to say, that they acted on sufficient evidence and proceeded with discernment and honesty; and these presumptions will sustain it in the absence of something to countervail them. So too in regard to a judgment of a court of general jurisdiction; it will be sustained unless there be something apparent to show its illegality or injustice; but then, as a revising tribunal, we must know, and know too from the judgment itself, what is adjudged and in whose favor, as also against whom. This is not done in the instance on hand. It is nevertheless obvious that in point of fact the court acted definitively; for in the certificate of the judge of the question of evidence made before him, he states that the defendant appealed. The case is therefore in this condition: there is no judgment below whereon final process for either party can properly issue, and if on the question raised in the judge's certficate we were to concur with him, there would be no legitimate judgment to be affirmed. We might, if the judge had erred in his opinion, reverse the judgment, or more properly the supposed verdict, and award a venire facias de novo. Under these circumstances, we think it best not to decide the question raised, but remand the case for a new trial, without further directions than to have the next postea and judgment entered conformably to the requisitions of law. We are disinclined to strike the case from the docket or to dismiss the appeal, because that might leave the appellant precluded, or at least prejudiced, by the unskillful entries of the clerk and the casualty of their escaping the observation of the court below. In the meantime the possession of the appellee and his right, whatever it may be, will remain uninterrupted.

This cause being submitted on the motion of the appellant to remand the same for new trial, and the transcript of the record below being

Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Bains, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835, could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T.,
(393)

inspected, because it seems to the court that the entries of the jury, verdict and judgment in this behalf in the court below are too vague and uncertain either to satisfy the court here whether a regular trial was had, or what judgment was rendered, it is therefore considered by the court here that the postea and judgment below be set aside, and that this cause be remanded to the court below, that a new trial be had therein, and that the appellant pay to the appellee the costs of this case in this court expended, for which execution below may issue.

*Remanded.*